UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) Civil Case No. 2:19-cv-10927 |
| v. | ) |
| JOHN DOE subscriber assigned IP Address 69.14.118.42, | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

This matter is before the Court on Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"). The Court finds that the motion should be granted and orders the following:

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

1

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] it shall comply with 47 U.S.C. § 551(c)(2)(B), which states that

> [a] cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

The ISP complies with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to the Defendant.

5. Plaintiff shall refrain from using the identifying information it obtains from the subpoenaed ISPs for purposes other than litigating this suit.

6. Plaintiff is to refrain from naming any Defendant in any pleading or motion filed with the Court until further order from the Court in response to a proper motion by Plaintiff. Plaintiff should exercise its discretion in filing such a motion; a proper basis includes a prima facie showing that the person to be publicly named is the person who downloaded the copyrighted material via BitTorrent (as opposed to a mere subscriber of the internet-access used by the person who downloaded the material). See Malibu Media LLC v. John Does 1-28, No. 12-CV-12598, 2012 WL 7748917, at *8 (E.D. Mich. Oct. 31, 2012) (citing cases).

7. The Court grants the motion to extend (Dkt. 6). Service must be effectuated by August 25, 2019.

SO ORDERED.

Dated: June 27, 2019        s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                    United States District Judge

---

[1] The term "cable operator" means any person or group of persons

(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

47 U.S.C. § 522(5).